UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
                                                          :
MARK A. SMITH,                                            :
                                    Plaintiff,            :
                                                          :                12 Civ. 04890 (LGS)
                   -against-                              :
                                                          :                OPINION AND ORDER
CITY OF NEW YORK, *et al.*,                               :
                                    Defendants.           :
                                                          :
---------------------------------------------------------- :
                                                          X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___11/20/13___

LORNA G. SCHOFIELD, District Judge:

        This case is now before the Court on Defendants' Motion to Dismiss Pursuant to Federal

Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court grants Defendants'

Motion, but gives Plaintiff leave to further amend his complaint.

**BACKGROUND**

        On or about November 12, 2008, [1] New York City Police Officer Leonardo Nimo

arrested Plaintiff Mark A. Smith in Manhattan for allegedly selling untaxed cigarettes.  On

November 13, 2008, Plaintiff was arraigned and released on his own recognizance.  On July 16,

2009, the criminal case against Plaintiff was dismissed on speedy trial grounds.

        On June 20, 2012, Plaintiff, proceeding pro se, commenced this § 1983 action for false

arrest against Defendants City of New York and Officer Nimo, whom he named as John Doe at

the time.  On September 12, 2012, the Court authorized the Clerk of the Court to issue a

summons as to Defendant City, and directed Plaintiff to serve it within 120 days of the issuance

of the summons.  In the same order, the Court ordered Defendant City to provide the identity and

---

[1] The Complaint states that Plaintiff was arrested on November 8, 2008.  However, the New
York County District Attorney's Office Datasheet and Certificate of Disposition submitted by
Defendants in support of the Motion indicate that Plaintiff was arrested on November 12, 2008.

address of Defendant Doe to Plaintiff and the Court within 60 days, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).  The City was served on September 17, 2012.  On October 4, 2012, in response to a letter from the City informing the Court that it could not access records containing Defendant Doe's identity without Plaintiff's consent, the Court ordered Plaintiff to provide the City with properly executed releases.

On November 26, 2012, Plaintiff filed the First Amended Complaint in which he identified Defendant Doe as Officer Nimo.  On December 19, 2012, the Court authorized the Clerk of the Court to issue an amended summons as to Defendant Nimo, and directed Plaintiff to serve him within 120 days.  The Court thereafter extended the deadline for service twice, ultimately to August 11, 2013.  Defendant Nimo was served on July 16, 2013.

On July 30, 2013, Plaintiff filed the currently operative Second Amended Complaint, adding a claim of malicious prosecution to the previous false arrest claim.  The Second Amended Complaint alleges:

> On November 8, 2008, Police Officer Leonardo Nimo Shield #5772 arrested Plaintiff for an alleged violation of the Tax Code without proof that a Tax Code violation had been committed by Plaintiff.  Thereafter the City of New York, through the District Attorneys [sic] Office, maliciously prosecuted Plaintiff, in an attempt to force a guilty plea for a crime Plaintiff did not committ [sic].

The Court assumes for purposes of this Motion that Plaintiff intended to assert both claims against both Defendants.

On September 20, 2013, Defendants filed this Motion to Dismiss, arguing that Plaintiff's claims are barred by the statute of limitations and that Plaintiff fails to allege sufficient facts. Plaintiff claims that Defendants violated his Fourth, Eighth and Fourteenth Amendment rights and seeks compensatory damages.

2

**DISCUSSION**

**I.      Standard of Review**

On a motion to dismiss, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party.  *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).  To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*   While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 555), *cert. denied*, 133 S. Ct. 846 (2013).  Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In construing complaints by plaintiffs proceeding pro se, the Court "appl[ies] a more flexible standard to evaluate their sufficiency than [it] would when reviewing a complaint submitted by counsel."  *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 139-40 (2d Cir. 2000); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Thus, the Court is obligated to construe pro se pleadings with "'special solicitude,' interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations in original) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)).[2]

## II.    Statute of Limitations

Defendants argue that the statute of limitations bars Plaintiff's false arrest claim as to both Defendants and the malicious prosecution claim as to Defendant Nimo. The Court finds the false arrest claim time-barred but the malicious prosecution claim timely.

As a preliminary matter, the Court decides this motion as it was brought – that is, as a motion to dismiss – drawing from the Second Amended Complaint and any public records of which the Court may take judicial notice. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) (citing Fed. R. Evid. 201).

Because the statute of limitations is an affirmative defense, Defendants carry the burden of showing that Plaintiff failed to plead timely claims. Dismissing claims on statute of limitations grounds at the complaint stage "is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999); *accord S.E.C. v. Gabelli*, 653 F.3d 49, 60 (2d Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1216 (2013).

---

[2] On September 24, 2013, Plaintiff filed a response, in substance conceding Defendants' arguments with regard to the claims against Officer Nimo. Plaintiff's concession, however, is based upon a mistake of law. Because the Plaintiff is pro se, the Complaint is assessed on this Motion based on the merits and applicable law, rather than on Plaintiff's stated position.

### A.    False Arrest

"The statute of limitations applicable to claims brought under §§ 1981 and 1983 in New York is three years."  *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004); *accord Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004).  The Supreme Court held in *Wallace v. Kato* that for a false arrest claim, the statute of limitations begins to run when the alleged false arrest ends.  549 U.S. 384, 389 (2007).  "[A] false imprisonment ends once the victim becomes held pursuant to [legal] process – when, for example, he is bound over by a magistrate or arraigned on charges."  *Id.*

Here, Plaintiff was arraigned on November 13, 2008.  Thus, the statute of limitations for Plaintiff's false arrest claim expired three years later on November 13, 2011.  Plaintiff commenced this action more than seven months later on June 20, 2012.  Because it "'appears beyond doubt' that [P]laintiff's claim is barred by [the] statute of limitations," it must be dismissed.  *Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir. 1989) (quoting *Egelston v. State Univ. College*, 535 F.2d 752, 754 (2d Cir. 1976)).

### B.    Malicious Prosecution

Defendants argue that Plaintiff's malicious prosecution claim is time-barred as to Defendant Nimo, because the First Amended Complaint adding him as a named Defendant was not filed until more than three years after the events from which Plaintiff's claim arose.  Notwithstanding that fact, the Court finds the claim against Defendant Nimo to be timely because it relates back to the original, timely complaint.

Like false arrest, a malicious prosecution claim brought pursuant to § 1983 has a statute of limitations of three years.  *Patterson*, 375 F.3d at 225.  The statute of limitations begins to run when the criminal proceedings in question terminate in the plaintiff's favor.  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *see also Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995).  Here,

Plaintiff's criminal case was dismissed on July 16, 2009.  Under ordinary circumstances, the statute of limitations would have expired three years later on July 16, 2012.  Although Plaintiff timely commenced this action nearly one month before that date, he did not name Officer Nimo as a Defendant until more than five months later, when he filed his First Amended Complaint on November 26, 2012.

Here, however, Plaintiff's malicious prosecution claim against Defendant Nimo relates back to the date of the filing of the original complaint, and is therefore timely.  Under Federal Rule of Civil Procedure 15(c)(1)(C), an amended pleading that "changes the party or the naming of the party against whom a claim is asserted," relates back to the date of the original pleading if the claim asserted against that party arises out of the same "conduct, transaction or occurrence" and if, within the time limit for service, the new party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C).

First, there is no question that the original complaint and Plaintiff's First Amended Complaint arise out of the same "conduct, transaction or occurrence," as they both concern Plaintiff's arrest and prosecution for allegedly selling untaxed cigarettes on November 12, 2008.

The next issue is whether Officer Nimo received notice of the action and knew or should have known that he was the John Doe Defendant "within the period provided by Rule 4(m) for serving the summons and complaint."  Fed. R. Civ. P. 15(c)(1)(C).  The relevant time period here ends August 11, 2013.  Rule 4(m) provides that the defendant must be served within 120 days after the filing of the complaint, but that the court may extend the time for service upon a showing of good cause.  The Advisory Committee Note of 1991, which accompanied the enactment of what is now Rule 15(c)(1)(C), formerly Rule 15(c)(3), provides: "In allowing a

6

name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule . . . ."  Here, the Court extended the time for service to August 11, 2013, the operative date for purposes of Rule 15(c)(1)(C).  There is no question that by August 11, 2013, Officer Nimo had actual notice of the action and knew that he was the John Doe Defendant named in the original complaint, because he was served on July 16, 2013.[3]

Defendants argue that Plaintiff's naming of John Doe due to his lack of knowledge concerning the individual Defendant's identity does not constitute a "mistake" within the meaning of Rule 15(c)(1)(C)(ii), which requires that the Defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  The Court disagrees.

Case law in this Circuit has been unclear on this issue since the Supreme Court's ruling in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 130 S. Ct. 2485 (2010).  Until then, the authoritative Second Circuit case was *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996), which had held that:

> Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. . . . [T]he failure to identify individual

---

[3] Even if the operative date were October 18, 2012, which is 120 days after the filing of the original complaint, Defendant Nimo has not met his burden of showing that the malicious prosecution claim against him was "clearly . . . out of time." *Gabelli*, 653 F.3d at 60.  The *Valentin* order was entered September 12, 2012; the Court ordered Plaintiff to execute a criminal records release on October 4, 2012; and Plaintiff filed his First Amended Complaint on November 26, 2012.  The record is silent as to when between the latter two dates defense counsel, who represents both Defendants, determined the identity of Officer Nimo.  Moreover, the interests of justice dictate that the operative date should be the service date as extended by the Court and not a rigid 120 days from the filing of the original complaint.  The docket sheet shows that the delay in identifying Officer Nimo was a result of the timing of the Court's *Valentin* order, the defense counsel's application to obtain a criminal records release, as well as the defense counsel's investigation and disclosure of Officer Nimo's identity, none of which is attributable to any lack of diligence by Plaintiff.

defendants when the plaintiff knows that such defendants must be named cannot
be characterized as a mistake.

*Id.* at 470.

      In *Krupski*, however, the Supreme Court held that:

> The question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or
> should have known the identity of [the defendant to be added] as the proper
> defendant, but whether [that defendant] knew or should have known that it would
> have been named as a defendant but for an error.  Rule 15(c)(1)(C)(ii) asks what
> the prospective defendant knew or should have known during the Rule 4(m)
> period, not what the *plaintiff* knew or should have known at the time of filing her
> original complaint.

130 S. Ct. at 2493.  The Court explained:

> A prospective defendant who legitimately believed that the limitations period had
> passed without any attempt to sue him has a strong interest in repose.  But repose
> would be a windfall for a prospective defendant who understood, or who should
> have understood, that he escaped suit during the limitations period only because
> the plaintiff misunderstood a crucial fact about his identity.

*Id*. at 2494.  District courts in this Circuit have disagreed on the vitality of *Barrow* in the wake of

*Krupski*.  Some courts have continued to cite *Barrow* as authority to hold that an amended

complaint substituting previously named John Does with identified defendants cannot relate back

to the earlier complaint.  *See, e.g.*, *Rodriguez v. City of New York*, No. 10 Civ. 1849, 2011 WL

4344057 (S.D.N.Y. Sept. 7, 2011) (Castel, J.); *Dominguez v. City of New York*, 10 Civ. 2620,

2010 WL 3419677 (E.D.N.Y. Aug. 27, 2010) (Cogan, J.).  Other courts have held that *Krupski*

overrules *Barrow* to the extent that it held that Rule 15(c)(1)(C)(ii) asks what the putative

defendant, and not the plaintiff, knew or should have known.  *Bishop v. Best Buy Co. Inc.*, No.

08 Civ. 8427, 2010 WL 4159566 (S.D.N.Y. Oct. 13, 2010) (Sand, J.); *Abdell v. City of New*

*York*, 759 F. Supp. 2d 450, 457 (S.D.N.Y. 2010) (Sullivan, J.).

      This Court agrees with the latter view – as Judge Sand articulates in *Bishop* – that

*Krupski* overrules *Barrow* in the context of amended pleadings that add previously unidentified

defendants.  In *Bishop*, the plaintiff had similarly named individual John Doe defendants in the original complaint, whom he identified in a subsequent amended complaint filed after the statute of limitations had run on most of his claims.  2010 WL 4159566  at *3.  After dismissing the defendants' argument in reliance on *Barrow* as "unavailing" in light of *Krupski*, Judge Sand found that the plaintiff's amended complaint related back to the date of the original complaint because the defendants identified in the amended complaint "plainly had notice" within Rule 4(m)'s time limit of service.  *Id.*; *see also Abdell*, 759 F. Supp. 2d at 457 ("Careful review of the *Krupski* opinion . . . belies [a] narrow understanding of a Rule 15(c) 'mistake.' . . . After *Krupski*, it is clear that a mistake 'concerning the proper party's identity' under Rule 15(c) includes lack of knowledge regarding the conduct or liability of that party." (quoting Fed. R. Civ. P. 15(c)(1)(C)(ii)).

As the Supreme Court explained in *Krupski*, "This reading is consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."  130 S. Ct. at 2494.  The fact that Plaintiff proceeds pro se makes the policy of liberally allowing the amendment of pleadings even more important here.

In light of the Supreme Court's interpretation of Rule 15(c)(1)(C)(ii) in *Krupski*, and the reasons stated above, the malicious prosecution claim is timely.

### III.    Sufficiency of Allegations

Although the Court does not dismiss Plaintiff's malicious prosecution claim on statute of limitations grounds, the claim nevertheless fails because the Second Amended Complaint (the currently operative complaint, referred to hereafter as the "Complaint") does not allege the

necessary elements of the claim.  To make out a malicious prosecution claim under § 1983, a

plaintiff must allege each of the following five elements:

> (1) [T]hat the defendant initiated a prosecution against the plaintiff, (2) that the
> defendant lacked probable cause to believe the proceeding could succeed, (3) that
> the defendant acted with malice, . . . (4) that the prosecution was terminated in the
> plaintiff's favor . . . [and] (5) [that there was] a sufficient post-arraignment liberty
> restraint to implicate the plaintiff's Fourth Amendment rights.

*Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000).  As against a

municipality like the City of New York, a plaintiff must additionally allege that the denial of his

or her constitutional right was caused by an official policy or custom.  *See Monell v. Dep't of*

*Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *Torraco v. Port Auth. of New York & New*

*Jersey*, 615 F.3d 129, 140 (2d Cir. 2010) ("'[T]o hold a city liable under § 1983 for the

unconstitutional actions of its employees, a plaintiff is required to plead and prove three

elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a

denial of a constitutional right.'" (alteration in original) (quoting *Wray v. City of New York*, 490

F.3d 189, 195 (2d Cir. 2007))).  Moreover, as discussed above, the pleading cannot be a

"[t]hreadbare recital[] of the elements," but must contain enough facts to make them "plausible

on its face."  *Iqbal*, 556 U.S. at 678.

    The Complaint fails to allege facts that would support several of these elements.

Specifically, the Complaint does not allege facts that Defendants acted with malice, that Plaintiff

was deprived of his liberty post-arraignment, and that an official policy or custom of Defendant

City caused Plaintiff's constitutional injury.  A plaintiff may plead malice by alleging facts that

show there was no probable cause for the arrest.  *Manganiello v. City of New York*, 612 F.3d 149,

163 (2d Cir. 2010) ("'[A] lack of probable cause generally creates an inference of malice.'"

(quoting *Boyd v. City of New York*, 336 F.3d 72, 78 (2d Cir. 2003))).  A plaintiff may plead a

deprivation of post-arraignment liberty by alleging facts to show that he was required to make

court appearances in connection with the criminal proceedings against him. *Rohman*, 215 F.3d at 216. A plaintiff may plead an official policy or custom on the part of Defendant City by alleging a pattern of similar police misconduct, consisting of multiple incidents over a continuous time period, that is "sufficiently persistent or widespread" that a supervising policymaker must have been aware. *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007); *see also See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) ("[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law . . . ."). Lacking factual allegations as to any of these elements, Plaintiff's malicious prosecution claim must be dismissed. Given Plaintiff's pro se posture, however, the Court grants Plaintiff leave to file a third amended complaint to remedy these deficiencies, if possible.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss is GRANTED, but Plaintiff may file an amended complaint on or before **December 20, 2013**, for the sole purpose of alleging a malicious prosecution claim against both Defendants that is consistent with this Opinion and Order. Plaintiff is encouraged to review this Order carefully and contact the Pro Se Office of this Court for assistance in amending his Complaint.

The Clerk of the Court is directed to close the motion at docket number 21.

SO ORDERED.

Dated: November 20, 2013
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

11