```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MARK A. SMITH,                                              :
                              Plaintiff,                    :
                                                            :      12 Civ. 04890 (LGS)
            -against-                                       :
                                                            :      OPINION AND ORDER
CITY OF NEW YORK, et al.,                                   :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      This case is now before the Court upon Plaintiff's Motion for Reconsideration of the Court's November 20, 2013 Opinion and Order ("Motion"). For the following reasons, Plaintiff's Motion is denied.

I.      BACKGROUND

      On June 20, 2012, Plaintiff, proceeding pro se, commenced this § 1983 action for false arrest against Defendants City of New York ("City") and Police Officer "John Doe." On September 12, 2012, the Court authorized the Clerk of Court to issue a summons as to Defendant City, and directed Plaintiff to serve it within 120 days of its issuance. In the same order, the Court directed Defendant City to provide the identity and address of Defendant Doe to Plaintiff within 60 days, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). The City was served on September 17, 2012. On October 4, 2012, in response to a letter from the City informing the Court that it could not access records containing Defendant Doe's identity without Plaintiff's consent, the Court ordered Plaintiff to provide the City with properly executed releases.

      On November 26, 2012, Plaintiff filed the First Amended Complaint in which he identified Defendant Doe as Officer Leonardo Nimo. On December 19, 2012, the Court authorized the Clerk of Court to issue an amended summons as to Defendant Nimo, and directed

Plaintiff to serve him within 120 days.  The Court thereafter extended the deadline for service twice, ultimately to August 11, 2013.  Defendant Nimo was served on July 16, 2013.

On July 30, 2013, Plaintiff filed the currently operative Second Amended Complaint, adding a claim of malicious prosecution to the previous false arrest claim.

On September 20, 2013, Defendants filed this Motion to Dismiss, arguing that Plaintiff's claims are barred by the statute of limitations and that Plaintiff fails to allege facts sufficient to state a claim.  On November 20, 2013, the Court issued an Opinion and Order dismissing the Second Amended Complaint in its entirety but granting Plaintiff leave to file a Third Amended Complaint.  With respect to the statute of limitations, the Court found that, while the false arrest claim was clearly time barred as to both Defendants, the malicious prosecution claim related back to the date of the filing of the original complaint and therefore was timely.  In so finding, the Court first observed the disagreement among district courts in this Circuit over the scope of relation back under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure in the wake of the Supreme Court's decision in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 130 S. Ct. 2485 (2010).  The Court then applied the holding in *Krupski* that "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the [time limit for service], not what the *plaintiff* knew or should have known at the time of filing her original complaint."  *Id.* at 2493.  Noting that Defendant Nimo had actual notice of Plaintiff's suit against him within the time limit for service, the Court found that the malicious prosecution claim against him related back under Rule 15(c)(1)(C).

On November 27, 2013, Defendants filed the instant Motion, asking the Court to reconsider its holding on the relation back issue.

## II.  STANDARD

"The standards governing motions for amendment of findings under Rule 52(b), motions to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to Local Rule 6.3 are the same."  *ResQnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) (internal quotation marks omitted); *accord Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"A party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" *Wechsler*, 2004 WL 2210261, at *2 (quoting *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).  "The motion to reconsider cannot properly advance 'new facts, issues or arguments not previously presented to the court.'" *Wechsler*, 2004 WL 2210261, at *2 (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

## III.  DISCUSSION

Defendants contend that the Court erred in finding Plaintiff's malicious prosecution claim against Defendant Nimo to relate back to the original complaint pursuant to Rule 15(c)(1)(C). Because Defendants fail to point to any "controlling decisions . . . that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257, the Court finds Defendants' contention to be without merit.

While acknowledging that the Court was correct in noting the lack of a consensus among district courts in this Circuit over the scope of relation back under Rule 15(c)(1)(C), Defendants argue that the Court nevertheless erred because the "disagreement has largely been resolved" against the view adopted by this Court. Defendants cite six cases that purportedly hold that a plaintiff's lack of knowledge regarding a defendant's identity is not a "mistake" warranting relation back under Rule 15(c)(1)(C). Of the six cases, three were cited in their opening brief to the Motion to Dismiss and three are new. Defendants also argue that a case cited by this Court to bolster its view is inapposite. These arguments are without merit for several reasons.

First, even if a majority of the district court cases in this Circuit hold the opposing view, they are not controlling.

Second, Defendants overstate their argument. One of the six cases cited by Defendants did not rule on the relation back issue.[1] *Felmine v. City of New York*, No. 09 Civ. 3768, 2011 WL 4543268, at *5-6 (E.D.N.Y. Sept. 29, 2011) (rejecting the plaintiff's argument that the defendants should be equitably estopped from raising a statute of limitations defense). While Defendants characterize another of the six cases as having been "affirmed in relevant part by" the Second Circuit, the Second Circuit actually declined to consider the relation back issue on the ground that the plaintiff had failed to make the argument at the district court level. *Askins v. Doe No. 1*, 727 F.3d 248, 252 (2d Cir. 2013). A third case cited by Defendants, *Dominguez v. City of New York*, No. 10 Civ. 2620, 2010 WL 3419677 (E.D.N.Y. Aug. 27, 2010), was directly challenged by one of the two cases favoring this Court's view. *Abdell v. City of New York*, 759

---

[1] To the extent that the court addressed the issue, it made clear that the discussion was dictum. *Felmine*, 2011 WL 4543268, at *6 n.3 ("[T]he Court need not resolve . . . issues [concerning relation back], as the plaintiff only raises the equitable estoppel argument."). Moreover, the discussion did not acknowledge the existence of *Krupski* or consider the question, central to the dispute here, of how *Krupski* altered the old Second Circuit rule under *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1996).

4

F. Supp. 2d 450, 456-57 (S.D.N.Y. 2010) (rejecting the court's holding in *Dominguez* that "the prior Second Circuit rule 'that lack of knowledge is not a mistake is still intact'" as inconsistent with *Krupski* (quoting *Dominguez*, 2010 WL 3419677, at *3)).

Third, to the extent that the cited cases are actually in conflict with this Court's ruling, the Court believes – as it has already made clear – that they are inconsistent with the Supreme Court's holding in *Krupski*.  The Court does not rehash those arguments here, except to note that were the opposite rule to be applied here, the timeliness of Plaintiff's malicious prosecution claim would effectively be at the mercy of the vagaries of the judicial process and municipal bureaucracy.  Especially in cases in which pro se plaintiffs seek to vindicate their constitutional rights, the Court finds such an outcome unacceptably arbitrary.  Here, Plaintiff timely filed the original complaint naming Defendant Nimo (albeit as John Doe), and Defendant Nimo had actual notice of the lawsuit against him within the time limit for service.  Under such circumstances, an adjudication of the claims on the merits is preferable to any resolution by procedural technicalities.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.  The Clerk of Court is directed to close the motion at Docket No. 29.  The Clerk of Court is further directed to mail a copy of this order to the pro se Plaintiff.

SO ORDERED.

Dated: December 16, 2013
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE